FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAY 31 A 10: 53
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

COREY THOMAS,

    Petitioner,

v.

                    CIVIL ACTION NO.: CV613-012

DARRELL HART, Warden,

    Respondent.

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Corey Thomas ("Thomas"), who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions obtained in the Emanuel County Superior Court. Respondent filed a Motion to Dismiss. Thomas filed a Response, Objections, a Motion to Dismiss Respondent's Motion to Dismiss, and a Motion to Apply for Equitable Tolling. For the reasons which follow, Respondent's Motion should be **GRANTED**. For these same reasons, Thomas' Motion to Dismiss should be **DENIED**. Thomas' Motion to Apply for Equitable Tolling is **GRANTED** for the limited purpose of determining whether Thomas is entitled to equitable tolling of the statute of limitations.

### STATEMENT OF THE CASE

Thomas was convicted, after a jury trial, on February 21, 2007, in the Emanuel County Superior Court of possession of cocaine with intent to distribute. Thomas received a 30-year sentence, 15 years to serve and the remainder on probation.

AO 72A
(Rev. 8/82)

Thomas filed a motion for a new trial, and that motion was denied on September 9, 2007. Thomas filed a direct appeal on October 5, 2007. The Georgia Court of Appeals affirmed Thomas' conviction and sentence on June 4, 2008. Thomas v. State, 291 Ga. App. 795 (2008); (Doc. No. 1; Doc. No. 6-1, p. 1).

Thomas filed an application for writ of habeas corpus in the Wilcox County Superior Court on February 22, 2011, which was denied on February 16, 2012. (Doc. No. 8-1; Doc. No. 8-9).

Thomas executed his § 2254 petition on January 31, 2013, and it was filed in this Court on February 4, 2013. Respondent asserts that Thomas' petition should be dismissed, as it was not timely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Thomas' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Thomas was convicted in the Emanuel County Superior Court on February 21, 2007, and he filed a direct appeal. The Georgia Court Appeals affirmed Thomas' convictions and sentence by order dated June 4, 2008. Thomas had a period of ten (10) days to file a motion for reconsideration or a notice of intent to apply for certiorari with the Georgia Supreme Court. GA. CT. APP. R. 37(b), 38(a)(1.); GA. SUPR. CT. R. 38(1). Thomas failed to file either of these motions, and his conviction became final on June 14, 2008. Because Thomas' conviction became final on June 14, 2008, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period

3

applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Thomas' conviction became final on June 14, 2008, and he filed his state habeas corpus petition on February 11, 2011. By that time, the statute of limitations period applicable to section 2254 petitions had expired. Thomas concurs with Respondent, as does the undersigned, that Thomas' § 2254 petition is untimely, unless equitable tolling is appropriate. (Doc. No. 10, p. 3).

Having determined that statutory tolling is not available to Thomas, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Thomas contends that he is entitled to equitable tolling because circumstances beyond his control existed which prevented him from timely filing his section 2254

4

petition. Specifically, Thomas asserts that his appellate attorney notified him by letter dated June 12, 2008, that the Georgia Court of Appeals affirmed his conviction and sentence and that Thomas could file a petition for writ of certiorari with the Georgia Supreme Court or a petition for writ of habeas corpus. (Doc. No. 10, p. 4; Doc. No. 11, p. 3). Thomas avers that his appellate attorney failed to inform him whether the writ of habeas corpus petition should be filed in state or federal court and how much time he had in which to file the petition. Thomas also avers that it took his family more than a year to have enough money to retain another attorney to represent him during his post-conviction proceedings. Thomas contends that his post-conviction attorney did not inform him that, by the time his state habeas corpus petition was filed, the statute of limitations period applicable to the filing of a federal habeas corpus petition already had expired. Thomas asserts that he learned in November 2012 that his post-conviction attorney failed to file a certificate of probable cause to appeal the denial of his state habeas corpus petition with the Georgia Supreme Court.

Thomas has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. While Thomas points to his appellate and post-conviction counsel's actions and inaction, any allegation that Thomas is entitled to equitable tolling due to "circumstances beyond his control" must fail. Thomas fails to show that any circumstance—extraordinary or otherwise—prevented him from pursuing his claims earlier than he did. Even if the Court were to accept Thomas' contention that circumstances beyond his control prevented his timely filing, Thomas has not shown that he was diligently pursuing his rights. Thomas' appellate counsel informed him on June 12, 2008, that he might have to pursue his

5

habeas corpus petition on his own. (Doc. No. 11, p. 3). Instead of attempting this pursuit, Thomas did nothing for well over a year while his family attempted to get enough money to pay for another attorney. Additionally, Thomas did not file his state habeas corpus petition until nearly three (3) years after his conviction was final. See Melson v. Comm'r, Ala. Dep't of Corr., 713 F.3d 1086, 1089-90 (11th Cir. 2013) (finding that petitioner did not exercise reasonable diligence in prosecuting federal habeas corpus case, regardless of whether his attorney's conduct constituted an extraordinary circumstance, due to petitioner's "nearly complete inaction" between the time his state court conviction was final and the filing of his federal habeas petition). Thomas is not entitled to equitable tolling.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Thomas' Motion to Dismiss Respondent's Motion to Dismiss be **DENIED**. It is also my **RECOMMENDATION** that Thomas' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO ORDERED and REPORTED and RECOMMENDED**, this 31st day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)